IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILILNOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE: SERESTO FLEA AND TICK COLLAR MARKETING, SALES PRACTICES AND PRODUCTS LIABIITY LITIGATION | ) ) ) ) ) ) ) ) ) ) | MDL No. 3009 Master Docket No. 21 C 4447 Judge John Robert Blakey Magistrate Judge Heather K. McShain |
| This Document Relates to All Cases. | ) |  |

## CASE MANAGEMENT ORDER NO. 4: PLAINTIFFS' COUNSEL TIME AND EXPENSE PROTOCOL

On February 7, 2022, the Court entered an order appointing Co-Lead Counsel, the Executive Committee, and Liaison Counsel. [58] (the "Leadership Order"). This Case Management Order allows for Co-Lead Counsel to assess other Plaintiffs' counsel for the expenses of the litigation and requires parties to maintain contemporaneous records of their time and expenses devoted to this matter.

The Leadership Order and this Case Management Order also defines the authority, duties and responsibilities of counsel appointed to Leadership roles in this multidistrict proceeding (the "MDL") and supplements the guidelines and rules for staffing, fees, expenses and billing records by attorneys acting for the common benefit of the proposed class representative Plaintiffs and class members in this multidistrict litigation for claims relating to or arising from the marketing and sale of Seresto flea and tick collars ("Products"). This Case Management Order provides for the fair and equitable sharing among Plaintiffs' counsel of the burden of services performed and expenses incurred by attorneys acting for the common benefit of the proposed class

members.

## SCOPE OF THIS ORDER

This Order provides for the fair and equitable sharing among Plaintiffs, and their counsel, of the burden of services performed and expenses incurred by attorneys acting for the common benefit of all Plaintiffs and proposed class members in this complex litigation.

This Order applies to all cases pending, as well as to any case later filed in, transferred to, or removed to this Court, and tagged as part of the coordinated proceedings known as *In re Seresto Flea and Tick Collar Marketing, Sales Practices, and Product Liability Litigation*. For purposes of this Order, the term "MDL Counsel" includes Co-Lead Counsel, the Executive Committee, and Liaison Counsel. MDL Counsel also includes each attorney who represents one or more Plaintiffs in a case that at any time has been pending in this MDL or in any case later filed in, transferred to, or removed to this Court, unless all of that attorney's cases are remanded back to state court, and continues to apply as to any case dismissed from this Court or to any case remanded back to a federal transferor court. The obligations of this Order follow any such cases to their ultimate disposition.

## ADOPTION OF CASE MANAGEMENT PROTOCOLS

The Court hereby adopts the following guidelines for the management of case-staffing, timekeeping, expense reimbursement, and related issues, and instructs Co-Lead Counsel to distribute additional guidelines as may be necessary to ensure the efficient prosecution of this litigation.

MDL Counsel shall be eligible to receive attorneys' fees and reimbursement of

expenses only if the time expended, expenses incurred, and activity in question were: (a) for the Common Benefit of the proposed class members; (b) conducted by Co-Lead Counsel and their respective firms or otherwise appropriately authorized by Co-Lead Counsel in writing; (c) timely submitted; (d) reasonable; and (e) verified by a partner or shareholder in the submitting firm. Co-Lead Counsel may engage a Certified Public Accountant ("CPA") to review these submissions. Co-Lead Counsel will be responsible for collecting and reviewing monthly common benefit time and expense submissions from MDL Counsel and informing MDL Counsel when their submissions do not comply with the directives set forth in this Order. In the event that MDL Counsel are unsure if the action they are about to undertake is considered Common Benefit Work, as defined herein, they shall ask Co-Lead Counsel in advance as to whether such time may be compensable. The Court retains its authority to evaluate any time, costs, or expenses submitted by counsel for reasonableness.

Eligibility does not pre-determine payment. If and to the extent that this litigation is certified as a class action under Fed. R. Civ. P. 23 for purposes of resolution and/or trial, any award of fees and costs for common benefit work will be governed by the standards and procedures of Rule 23 and shall be subject to the Court's approval.

As further detailed below, all counsel who seek to recover Court-awarded fees and expenses shall keep a daily, contemporaneous record of their time and expenses, noting with specificity the amount of time, billing rate, activities, and Co-Lead Counsel who authorized the activity in question. All counsel who seek to recover Court-awarded fees and expenses agree to the terms and conditions herein, including

3

submitting to this Court's jurisdiction and agreeing that this Court has plenary authority regarding the allocation of fees and expenses. There is no guarantee that time submitted by any counsel or firm to Co-Lead Counsel for consideration will be compensated or that the submitted hourly rate for the work will be accepted.

## COMPENSABLE WORK

### Authorization for Compensable Work

Any fee petition submitted in this litigation shall include only services performed for the benefit of the proposed class(es), which were specifically authorized by Co-Lead Counsel ("Common Benefit Work"). Common Benefit Work includes, but is not limited to, investigation, discovery (whether documents, interrogatories, depositions or otherwise), coding or other analytical work relating to documents or evidence, research, motions and responses to motions, exhibits, bellwether trials and transcripts, all other work performed under the direction of Co-Lead Counsel for the benefit of the proposed class members involving Common Benefit Work. Co-Lead Counsel may evaluate and place caps on hourly rates that are submitted. Further, if the MDL counsel is a member of the Executive Committee and fails to timely submit capital contributions as may be requested by Co-Lead Counsel, such counsel and members of his or her firm may not be allowed to submit common benefit time or expenses for reimbursement.

Each attorney has an obligation to keep themselves informed about the litigation and review group emails, pleadings, orders, and discovery responses as part of that obligation. Only Plaintiffs' Co-Lead Counsel, Liaison Counsel, and Executive Committee Chairs are working for the common benefit in reviewing such materials.

All other counsel reviewing that information is for their own benefit and/or that of the clients, and that review is not considered Common Benefit Work. This paragraph does not preclude lawyers from submitting common benefit time for reviewing pleadings, orders, and discovery responses related to specific tasks that they have been assigned by Co-Lead Counsel or Executive Committee Chairs.

## COMMON BENEFIT EXPENSES

"Common Benefit Expenses" means expenses authorized by Co-Lead Counsel and incurred for the benefit of the proposed class members. To ensure the appropriate monitoring of time and expenses in this litigation, each firm must submit detailed expense submissions in a format authorized by Co-Lead Counsel. Expense submissions shall be made to Co-Lead Counsel on a monthly basis, by deadlines to be set by Co-Lead Counsel, in accordance with the guidelines set forth herein. Only reasonable expenses incurred while performing work specifically authorized in writing by Co-Lead Counsel will be eligible for consideration as Common Benefit Expenses; any expense over $1000 must be specifically approved in advance in writing by Co-Lead Counsel. Attorneys shall keep receipts for all expenses.

### Travel Limitations

a) Airfare: Only convenient coach fare seat will be reimbursed. Business/First Class Airfare will not be reimbursed. In the event that non-coach air travel is utilized, the attorney shall be reimbursed only to the extent of convenient coach fare, which must be contemporaneously documented. If non-coach, private or charter travel is elected, the applicant is required to document what available, convenient coach fare was in effect at that time, and that is all that can be reimbursed.

b)  Hotel: Hotel room charges for the average available room rate of a business hotel, such as the Hyatt, Hilton, Westin, and Marriott hotels, in the city in which the stay occurred, will be reimbursed. Luxury hotels will not be fully reimbursed but, rather, will be reimbursed at the average available rate of a business hotel.

c)  Meals: Meal expenses must be reasonable. Expenses that exceed the meal allowances for federal employees may not be approved for reimbursement. There will be no reimbursement for alcoholic beverages, room service, mini-bar items, movies, sundry items, or any other expense of a personal nature.

d)  Cash Expenses: Miscellaneous cash expenses for which receipts generally are not available (e.g., tips, luggage handling) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

e)  Automobile Rental: Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles are available. Counsel must submit evidence of the unavailability of non-luxury vehicles. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form and only the non-luxury rate may be claimed.

f)  Mileage: Mileage claims must be documented by stating origination point, destination, total actual miles for each trip and rate per mile paid by the attorney's firm. The rate will be the IRS Standard Business Mileage Rate for the period in which the mileage was driven.

**Non-Travel Limitations**

    a)    Long Distance, Conference Call, and Cellular Telephone Charges: Common Benefit conference calls must be documented as individual call expenses in order to be compensable. Long distance calls and cellular telephone charges generally are not reimbursable.

    b)    Shipping, Overnight, Courier, and Delivery Charges: All claimed Common Benefit shipping, overnight, courier, or delivery expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package. Such charges are to be reported at actual cost.

    c)    Postage Charges: A contemporaneous postage log or other supporting documentation must be maintained and submitted for Common Benefit postage charges. Such charges are to be reported at actual cost.

    d)    In-House Photocopy: A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. The maximum copy charge is $0.10 per page for in-firm photocopies and any necessary vendor photocopies shall be at actual cost.

    e)    Computerized Research: Lexis, Westlaw, or Bloomberg: Claims for Lexis, Westlaw, Bloomberg, or other computerized legal research expenses should be in the exact amount charged to the firm and actually paid by the firm for research specific for Common Benefit Work. Estimates or amounts invoiced but not actually paid by the firm will not be eligible for reimbursement. Additionally, research that is billed as a flat fee (such as a monthly fee for unlimited research) will not be eligible for reimbursement, but rather treated as general overhead.

## SHARED COSTS AND CAPITAL CONTRIBUTIONS

Each Co-Lead Counsel, Liaison Counsel, and Executive Committee Counsel shall pay a monetary amount, as directed below, which shall be used to pay reasonable and necessary Common Benefit Expenses on an ongoing basis (the "Shared Costs"). The timing and amount of each contribution will be determined by Co-Lead Counsel and must be paid within 30 days of the date of written request by Co-Lead Counsel. Failure to timely pay capital contributions as may be requested by

Co-Lead Counsel throughout this litigation will be grounds for barring counsel from submitting Common Benefit Work or Common Benefit Expenses for reimbursement.

All costs that fall under the following categories and/or other expenses incurred for the benefit of the proposed class members as determined by Co-Lead Counsel shall be considered Shared Costs and shall qualify for submission and payment:

a) court, filing and service costs related to common issues;
b) service costs, including translation fees, for service of the consolidated complaints on all domestic and foreign defendants named in those complaints;
c) deposition and court reporter costs for depositions (excluding those that are client-specific);
d) document depository creation, operation, staffing, equipment and administration;
e) translation costs related to the above;
f) Co-Lead Counsel, Liaison Counsel, or Executive Committee administration matters;
g) client development;
h) legal, financial institutional and accountant fees relating to expenses;
i) expert witness and consultant fees and expenses for experts whose opinions, advice and testimony were made for the common benefit of the proposed class members covered by the MDL;
j) printing, copying, coding, scanning related to the above (out-of-house or extraordinary firm costs);
k) research by outside third-party vendors/consultants/attorneys, approved by Co-Lead Counsel;
l) investigative services, approved by Co-Lead Counsel; and
m) mediator costs.

All Shared Costs must be approved by Co-Lead Counsel prior to payment.

Requests for payment shall include sufficient information to permit Co-Lead Counsel and a CPA, if engaged by Co-Lead Counsel, to account properly for expenses and to provide adequate detail to the Court.

8

**TIMEKEEPING AND SUBMISSION AND EXPENSE RECORDS**

All time and expenses must be accurately and contemporaneously maintained and tracked. In order to qualify for consideration as Common Benefit fees or expenses, MDL Counsel shall keep contemporaneous billing records of the time spent in connection with Common Benefit Work on this MDL, indicating with specificity the hours, recorded in tenths of an hour, and billing rate, along with a brief note indicating the source of authorization for the activity in question and a brief description of the particular activity.

Time and expense submissions shall be made to Co-Lead Counsel on a monthly basis, by the 18th of each month, in accordance with the guidelines set forth herein and using monthly reports to be distributed by Co-Lead Counsel. The first submission is due on Monday, April 18, 2022, and should include all time and expense through March 31, 2022. Thereafter, all time and expense reports shall be submitted on the 18th day of each month and shall cover the time period through the end of the preceding month (*e. g.*, the May 18, 2022, submission should include all time and expenses incurred during the month of April 2022).[1] Generally, only time and expense incurred after the Court's February 7, 2022 Order appointing Plaintiffs' Leadership shall be submitted and considered as potential Common Benefit Work.[2]

---

[1] Although counsel should submit all Common Benefit Expenses incurred in a certain month in the submission made on the 18th day of the next month, some third-party billing and credit card statement schedules may make such expense submissions difficult. In such circumstances, counsel may submit expenses incurred in the previous two months that, because of circumstances outside of the submitting counsel's control, could not have been submitted by the Court-ordered deadline. Any Common Benefit Expenses submitted more than two months in arrears shall not be considered as Common Benefit Expenses absent good cause as determined by Co-Lead Counsel.

[2] In their discretion, Co-Lead Counsel may consider time and expense incurred before the Court's February 7, 2022 Order as Common Benefit Work and Common Benefit Expense if the time or expense benefitted the proposed class members in a material and direct way.

Time and expense entries that are not sufficiently detailed will not be considered for payment of Common Benefit fees. Separate time descriptions shall be included for each task performed and shall sufficiently describe the activity. All time for Common Benefit Work by each firm shall be recorded and maintained in tenth-of-an-hour increments. The failure to secure authorization from Co-Lead Counsel to incur Common Benefit time and expenses, or to maintain and timely provide such records or to provide a sufficient description of the activity, will be grounds for denying the recovery of attorneys' fees or expenses in whole or in part.

**Submission to the Court**

Liaison Counsel, in coordination with the Co-Lead Counsel, will submit time and expenses records to the Court on a monthly basis. The submissions will be submitted on an ex parte, in camera basis by emailing to the Court's Chambers an excel spreadsheet that includes the time and expense information. The time and expense records shall be submitted on the 21st of each month and will include time and expenses for the previously month that were submitted to Co-Lead and Liaison counsel on the 18th of each month. For example, time and expenses for the month of June 2022 shall be submitted to Co-Lead and Liaison Counsel no later than July 18, 2022. Liaison Counsel, in coordination with Co-Lead Counsel, shall then submit the June 2022 time and expense report to the Court no later July 21, 2022.

**Application for Distribution**

Each participating counsel who does Common Benefit Work has the right to present his/her/their claim(s) for compensation and/or reimbursement before any distribution approved by this Court. Co-Lead Counsel will, at the appropriate time,

10

make recommendations to the Court for distributions to counsel who have performed Common Benefit Work and/or incurred Common Benefit Expenses. Co-Lead Counsel shall determine on their own the most fair and efficient manner by which to evaluate all time and expense submissions in making its recommendations to this Court. This Court retains jurisdiction over any common benefit award or distribution.

SO ORDERED.

Dated: April 6, 2022

Entered:

John Robert Blakey
United States District Judge