IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| IN RE: SERESTO FLEA AND TICK COLLAR MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION<br><br>**This Document Relates to All Actions** | ) <br> ) MDL No. 3009 <br> ) <br> ) Master Case No. 1:21-cv-04447 <br> ) <br> ) Judge John Robert Blakey <br> ) <br> ) <br> ) |

## PRELIMINARY APPROVAL ORDER

Named Plaintiffs Rhonda Bomwell, Jennifer Borchek, Anita Boulware-Jones, Regina Bullard, Katherine Byrd, John Czerniak, Darlene Dahlgren, Allison Dirk, David Gjelland, Faye Hemsley, Heather Hitt, Judy Knudson, Thomas Maiorino, Michael McDermott, Christina McDermott, Danielle McQuaid, Amanda Merriman, Deanna Miller, Abraham Mohamed, Michelle Pipeling, Laura Revolinsky, Laura Ruley, Paula Ruley, Steven Schneider, Michael Shannon, Larry Sites, Rhoda Trotter, Aitana Vargas, and Jennifer Walsh (collectively, the "Named Plaintiffs," and, collectively, with the other members of the Settlement Class, the "Settlement Class Members"), on the one hand, and Elanco Animal Health, Inc; Bayer Healthcare LLC; Bayer Healthcare Animal Health, Inc.; Bayer AG; and Bayer Corporation (collectively, "Defendants"), on the other hand, have entered into a Class Action Settlement Agreement and Release dated December 21, 2023 (the "Settlement Agreement") to settle the above-captioned litigation ("Litigation"). The Settlement Agreement, together with its exhibits incorporated herein, sets forth the terms and

conditions for a proposed settlement and dismissal with prejudice of the Litigation. Additionally, Class Counsel has filed an Unopposed Motion for Entry of Preliminary Approval Order ("Motion") pursuant to Federal Rule of Civil Procedure 23(e).

Having reviewed the Settlement Agreement and its exhibits, the Motion, the pleadings and other papers on file in this action, and having considered the statements of counsel at the preliminary approval hearing held before this Court on January 24, 2024, the Court finds that the Motion should be GRANTED and that this Preliminary Approval Order should be entered. Terms and phrases used in this Preliminary Approval Order not otherwise defined herein shall have the same meanings ascribed to them in the Settlement Agreement.

NOW, THEREFORE, THE COURT HEREBY FINDS, CONCLUDES AND ORDERS THE FOLLOWING:

1.  For purposes of preliminary approval, this Court assesses the Settlement Agreement under Fed. R. Civ. P. 23(e). Under Rule 23(e)(1)(B), the Court "must direct notice in a reasonable manner" to proposed Settlement Class Members "if giving notice is justified by the parties' showing that the court will likely be able to (i) approve the proposal [as fair, reasonable, and adequate] under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B).

### Likely Approval as Fair, Reasonable and Adequate

2.  To determine whether the Settlement Agreement is fair, reasonable and adequate, Rule 23(e)(2) directs the Court to consider whether:

> (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

3. The Named Plaintiffs are adequately representing the proposed Settlement Class: they share the same alleged injury (that they purchased products with allegedly false or misleading labeling) and the same interest (maximizing recovery). Michael R. Reese of Reese LLP, Rachel Soffin of Milberg Coleman Bryson Phillips Grossman PLLC and Michael Williams of Williams Dirks Dameron LLC are also adequately representing the proposed Settlement Class.

4. The Parties unquestionably negotiated at arm's length. The Settlement Agreement was the result of extensive, non-collusive, arm's-length negotiations between experienced counsel who were thoroughly informed of the strengths and weaknesses of the case through motion practice and extensive discovery. Settlement was the result of a multi-stage mediation led by Magistrate Judge Heather K. McShain.

5. The Settlement Agreement provides adequate relief to the proposed Settlement Class. As part of the settlement, Defendants have agreed to pay $15 million dollars to cover Cash Payments to Class Members who submit claims, Notice Costs, Administration Costs, Attorneys' Fees and Costs, and Service Awards. From that amount, Settlement Class Members are eligible to receive $13.00 for each

Seresto Collar they purchased per pet, up to a maximum of $26.00 per pet with no Valid Proof of Purchase and with no limitation with Valid Proof of Purchase. In addition, for those Settlement Class Members whose pets allegedly suffered non-fatal injuries, those Settlement Class Members are eligible to receive $25.00 per pet or 100% of their out-of-pocket, non-reimbursed costs paid by the Claimant for medical treatment for their pet evidenced by documentation. Finally, for those Settlement Class Members whose pets allegedly suffered fatal injuries, those Settlement Class Members are eligible to receive $300.00 per pet for pet property or replacement value, 100% of their out-of-pocket, non-reimbursed costs paid by the Claimant for medical treatment for their pet evidenced by documentation, and 100% of their out-of-pocket, non-reimbursed costs for burial, cremation or other disposal of the pet evidenced by documentation.

6. If the Settlement Agreement had not been reached, the Parties planned to vigorously litigate this matter, including Defendants' numerous motions dismiss as well as a vigorous opposition to class certification, and Plaintiffs' chances at trial also would have been uncertain. In light of the costs, risks and delay of trial and appeal, this compensation is certainly adequate for purposes of Rule 23(e)(1).

7. There is no reason to doubt the effectiveness of distributing relief under the Settlement Agreement. As further addressed below, the Parties propose a notice plan, which is detailed in the Declaration of Steven Weisbrot, Esq. re: Angeion Group Qualifications & the Proposed Notice (hereafter "Weisbrot Declaration"), filed concurrently with Plaintiffs' Motion for Preliminary Approval, which the Court finds

provides "the best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B). This Court will fully assess the request of Class Counsel for the Attorneys' Fees and Costs and Service Awards after receiving their motion supporting such request. At this stage, the Court finds that the plan to request attorneys' fees and costs to be paid from the Settlement Amount creates no reason not to direct notice to the proposed Settlement Class. In particular, should the Court find any aspect of the requested Attorneys' Fees and Costs unsupported or unwarranted, such funds would not be returned to Defendants, and therefore the Settlement Class would not be prejudiced by directing notice at this time.

8. No agreements exist between the Parties aside from those referred to in the Settlement Agreement and/or submitted to the Court.

9. The Settlement Agreement treats members of the proposed Settlement Class equitably relative to each other because all members of the proposed Settlement Class are eligible for the same payments. These are equitable terms.

10. Having thoroughly reviewed the Settlement Agreement, the supporting exhibits and the Parties' arguments, this Court finds that the Settlement Agreement is fair, reasonable and adequate to warrant providing notice to the Settlement Class, and thus likely to be approved, subject to further consideration at the Final Approval Hearing to be conducted as described below.

11. The Court preliminarily approves the Settlement Agreement subject to the Fairness Hearing for purposes of deciding whether to grant final approval to the Settlement. This determination permitting notice to the Settlement Class is not a

final finding, but a determination that there is probable cause to submit the proposed Settlement Agreement to the Settlement Class Members and to hold a Fairness Hearing to consider the fairness, reasonableness, and adequacy of the proposed Settlement.

12. Pursuant to Rule 23(e)(1)(B)(ii), the Court also assesses the likelihood that it will certify the proposed Settlement Class under Rules 23(a) and 23(b)(3) (because this Settlement Class seeks damages). The Court makes this assessment for the purposes of settlement only at this time with no prejudice to the Parties' positions either in support of or in opposition to class certification and without making any findings whether a disputed putative class could be certified. Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to 23(a) and (b)(3) of the Federal Rules of Civil Procedure has been met in that: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) Plaintiffs allege (though Defendants vigorously contest) that there are questions of law and fact common to the Settlement Class that predominate over any individual questions. Without resolving that dispute outside the context of the proposed settlement, these questions of law and fact will be commonly resolved by the settlement; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class; (d) the Class Representatives and Settlement Class Counsel have fairly and adequately represented and protected (and will fairly and adequately represent and protect) the interests of the Settlement Class; and (e) for purposes of

settlement only, a class action is superior to other available methods for the fair and efficient resolution of the Action. The Court makes no finding whether or not the underlying matters could be certified as litigation classes.

13. For these reasons, pursuant to Rule 23, and for settlement purposes only, the Court finds it will likely certify the Settlement Class defined below in this Order. This finding is subject to further consideration at the Final Approval Hearing to be conducted as described below.

14. The Court conditionally certifies for settlement purposes only the following Settlement Class:

> All Persons in the United States, its territories, and/or the District of Columbia who purchased, for personal use and not for resale, any Seresto Product on or before fourteen (14) days prior to the expiration of the Claims Period.

Excluded from the Settlement Class are the following persons:

　i. Defendants and their respective subsidiaries and affiliates, members, employees, officers, directors, agents, and representatives and their family members;

　ii. Class Counsel;

　iii. The judges who have presided over the Litigation;

　iv. Local, municipal, state, and federal government agencies; and

　v. All persons who have timely elected to become Opt-Outs from the Settlement Class in accordance with the Court's Orders.

The Court expressly reserves the right to determine, should the occasion arise, whether Plaintiffs' proposed claims may be certified as a class action for purposes other than settlement, and Defendants hereby retain all rights to assert that

7

Plaintiffs' proposed claims may not be certified as a class action except for settlement purposes.

## Additional Orders and Deadlines

15. The Court appoints the following attorneys to act as Settlement Class Counsel:

> Michael R. Reese
> Reese LLP
> 100 West 93rd Street, 16th Floor
> New York, New York 10025
> Telephone: (212) 643-0500
>
> Rachel Soffin
> Milberg Coleman Bryson Phillips Grossman PLLC
> 3833 Central Avenue
> St. Petersburg, Florida 33713
> Telephone: (865) 247-0080
>
> Michael Williams
> Williams Dirks Dameron LLC
> 1100 Main Street, Suite 2600
> Kansas City, Missouri 64105
> Telephone: (816) 945-7110

16. The Court appoints Named Plaintiffs Rhonda Bomwell, Jennifer Borchek, Anita Boulware-Jones, Regina Bullard, Katherine Byrd, John Czerniak, Darlene Dahlgren, Allison Dirk, David Gjelland, Faye Hemsley, Heather Hitt, Judy Knudson, Thomas Maiorino, Michael McDermott, Christina McDermott, Danielle McQuaid, Amanda Merriman, Deanna Miller, Abraham Mohamed, Michelle Pipeling, Laura Revolinsky, Laura Ruley, Paula Ruley, Steven Schneider, Michael Shannon, Larry Sites, Rhoda Trotter, Aitana Vargas, and Jennifer Walsh as representatives of the Settlement Class.

8

17. The Court appoints Angeion Group as Claims Administrator in accordance with the provisions of Section IX of the Settlement Agreement.

18. The Court approves the Short Form Notice, the content of which is without material alteration from Exhibit B to the Settlement Agreement and directs that the Short Form Notice be published in accordance with the provisions of the Settlement Agreement.

19. The Court approves the Long Form Notice, the content of which is without material alteration from Exhibit C to the Settlement Agreement, and directs that the Long Form Notice be distributed in accordance with the provisions of the Settlement Agreement.

20. The Court approves the Claim Form, the content of which is without material alteration from Exhibit A to the Settlement Agreement and directs that the Claim Form be available for request (either by letter, telephone, or email) from the Claims Administrator and downloadable from the Settlement Website.

21. The Court approves the creation of the Settlement Website, as defined in Section IX.9.c. of the Settlement Agreement, that shall include, at a minimum, copies of the Settlement Agreement, the Notice of Settlement, and the Claim Form, and shall be maintained in accordance with the provisions of Section IX.9.c. of the Settlement Agreement.

22. The Court finds that, the Class Notice Plan memorialized in the Weisbrot Declaration filed concurrently with Plaintiffs' Motion for Preliminary Approval, including the Short Form Notice and Long Form Notice (i) is the best practicable notice,

(ii) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation and of their right to object or to exclude themselves from the proposed settlement, (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and (iv) meets all applicable requirements of applicable law.

23. The Court orders the Claims Administrator to file proof of publication of the Class Notice, proof of providing the required CAFA Notice, and, and proof of maintenance of the Settlement Website at or before the Fairness Hearing. After Notice has been given, the Claims Administrator shall file with the Court a declaration of compliance with the notice requirements, including the CAFA notice requirements.

24. The Claim Deadline is 180 Days from the date of this Order.

25. The Court orders any Settlement Class Member who wishes to exclude himself or herself from the Settlement Class to submit an appropriate, timely request for exclusion, postmarked no later than one hundred and eighty (180) days after the Preliminary Approval Date to the Claims Administrator at the address on the Notice.

26. The Court **PRELIMINARILY ENJOINS** all Settlement Class Members unless and until they have timely excluded themselves from the Settlement Class from (i) filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released

Claims; (ii) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (iii) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims.

27. The Court orders that any Settlement Class Member who does not submit a timely, written request for exclusion from the Settlement Class (*i.e.*, becomes an Opt-Out) will be bound by all proceedings, orders, and judgments in the Litigation, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

28. The Court orders that each Settlement Class Member who is not an Opt-Out and who wishes to object to the fairness, reasonableness, or adequacy of this Agreement or the proposed Settlement or to the Attorneys' Fees and Costs must file with the Court and serve on Class Counsel no later than one hundred eighty (180) days after the Preliminary Approval Date, or as the Court may otherwise direct, a

11


statement of the objection signed by the Settlement Class Member containing all of the following information:

    a. The objector's printed name, address, and telephone number;

    b. whether the objector is represented by counsel and, if so, contact information for his or her counsel;

    c. evidence showing that the objector is a Settlement Class Member;

    d. whether the objection applies to that Settlement Class Member or to a specific subset of the Settlement Class, or to the entire Settlement Class, and state with specificity the grounds for the objection;

    e. any other supporting papers, materials, or briefs that the objector wishes the Court to consider when reviewing the objection;

    f. the actual written or electronic signature of the objector making the objection; and

    g. a statement on whether the objecting objector and/or his or her counsel intend to appear at the Fairness Hearing.

29. Any response to an objection shall be filed with the Court no later than seven (7) days prior to the Fairness Hearing.

30. The Court orders that any Settlement Class Member who does not file a timely written objection to the Settlement or who fails to otherwise comply with the requirements of this Order shall be foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

31. The Court orders that any attorney hired by a Settlement Class Member for the purpose of objecting to the Settlement Agreement or to the proposed Settlement or to the Attorneys' Fees and Costs will be at the Settlement Class Member's expense.

32. The Court orders that any attorney hired by a Settlement Class Member for the purpose of objecting to the proposed Settlement or to the Attorneys' Fees and Costs and who intends to make an appearance at the Fairness Hearing must provide to the Claims Administrator (who shall forward it to Class Counsel and Defense Counsel) and must file with the Clerk of the Court a notice of intention to appear no later than the Opt-Out and Objection Date.

33. The Court orders that any Settlement Class Member who files a written objection and who intends to make an appearance at the Fairness Hearing must provide to the Claims Administrator (who shall forward it to Class Counsel and Defense Counsel) and must file with the Clerk of the Court a notice of intention to appear no later than the Opt-Out and Objection Date.

34. The Court orders the Claims Administrator to establish a post office box in the name of the Claims Administrator to be used for receiving requests for exclusion, objections, notices of intention to appear, and any other communications. The Court further orders that only the Claims Administrator, Class Counsel, Defense Counsel, Defendants, the Court, the Clerk of the Court, and their designated agents shall have access to this post office box, except as otherwise provided in the Settlement Agreement.

35. The Court orders that the Claims Administrator must promptly furnish Class Counsel and Defense Counsel with copies of any and all written requests for exclusion, notices of intention to appear, or other communications that come into its possession, except as expressly provided in the Settlement Agreement.

36. The Court orders that Class Counsel shall file their applications for Attorneys' Fees and Costs and Named Plaintiffs' Service Awards in accordance with the terms set forth in Section XI of the Settlement Agreement.

37. The Court orders the Claims Administrator to provide Class Counsel and Defendants' Counsel with copies of all requests for exclusion to counsel for the Parties on a weekly basis by email and will provide the Opt-Out List on or before two hundred days (200) after the Preliminary Approval Date. Class Counsel must then file with the Court the Opt-Out List with an affidavit from the Claims Administrator attesting to the completeness and accuracy thereof no later than three (3) business days thereafter.

38. The Court orders that a Fairness Hearing shall be held at 11:00 a.m. on December 4, 2024 at the United States Courthouse for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois 60604 to consider the fairness, reasonableness, and adequacy of the proposed Settlement and whether it should be finally approved by the Court pursuant to a final approval order and judgment.

39. The Court reserves the right to adjourn or continue the Fairness Hearing, or any further adjournment or continuance thereof, without further notice other than announcement at the Fairness Hearing or at any adjournment or

continuance thereof, and to approve the settlement with modifications, if any, consented to by the counsel for the Settlement Class and Defendants without further notice.

40. All pretrial proceedings in the Litigation, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Agreement and this Order, are **STAYED** and suspended until further order of this Court.

41. If the settlement proposed in the Settlement Agreement, this Order and the Final Order and Judgment contemplated by the Settlement Agreement do not receive full and final judicial approval in all material respects, or are reversed, vacated, or modified in any material respect, the neither the Settlement Agreement, this Order, not the contemplated Final Judgment and Order shall have any force or effect; the Parties shall be restored, without waiver or prejudice, to their respective positions immediately prior to entering into the Settlement Agreement; any conditional certification of the Settlement Class shall be vacated; the Litigation shall proceed as though the Settlement Class had never been conditionally certified.

42. The Court may supplement this Order as it deems necessary and appropriate and may extend any of the deadlines set forth in this Order.

43. The Court sets the following schedule for the Fairness Hearing and the actions which must precede it:

| Date | Deadline |
|---|---|
| **June 17, 2024** | **Deadline to File Motion for Approval of Payment of Attorney Fees and Costs to Plaintiffs' Counsel and Service Awards to the Class Representatives** |
| **July 22, 2024** | **Opt-Out/Objection Deadline** |
| **August 12, 2024** | **Parties to Provide Opt-Out List to the Court** |
| **October 11, 2024** | **Deadline to File Motion for Final Approval of Class Settlement** |
| **December 4, 2024 at 11:00 a.m.** | **Final Approval Hearing** |

**IT IS SO ORDERED.**

Date: January 25, 2024          Entered:

_____
John Robert Blakey
United States District Judge

16