## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE: SERESTO FLEA AND TICK COLLAR MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | MDL No. 3009 |
| | Master Docket Case No. 1:21-cv-04447 |
| This Document Relates to All Cases | Judge John Robert Blakey |

### FINAL APPROVAL ORDER

On January 3, 2025, this Court held a hearing on Plaintiffs' Motion for Final Approval of Class Action Settlement (ECF No. 200) ("Motion for Final Approval") and Motion for Payment of Attorneys' Fees and Reimbursement of Litigation Expenses to Plaintiffs' Counsel, and Payment of Service Awards to the Class Representatives. (ECF No. 194) ("Motion for Fees, Expenses, and Service Awards").

Plaintiffs Rhonda Bomwell, Jennifer Borchek, Anita Boulware-Jones, Regina Bullard, Katherine Byrd, John Czerniak, Darlene Dahlgren, Allison Dirk, David Gjelland, Faye Hemsley, Heather Hitt, Judy Knudson, Thomas Maiorino, Michael McDermott, Christina McDermott, Danielle McQuaid, Amanda Merriman, Deanna Miller, Abraham Mohamed, Michelle Pipeling, Laura Revolinsky, Larry Ruley, Paula Ruley, Steven Schneider, Michael Shannon, Larry Sites, Rhoda Trotter, Aitana Vargas, and Jennifer Walsh, on behalf of themselves and all other similarly situated (collectively, "Plaintiffs"), have entered into a Settlement Agreement with Defendants Elanco Animal Health, Inc; Bayer Healthcare LLC; Bayer Healthcare Animal Health, Inc.; Bayer AG; and Bayer Corporation (collectively, "Defendants") to resolve the

1

litigation, *In re: Seresto Flea and Tick Collar Marketing, Sales Practices and Products Liability Litigation*, MDL No. 3009, Lead Case No. 1:21-cv-04447 (N.D. Ill.) (the "Litigation") regarding the Seresto Collars (the "Collars").

The Court, after conducting a fairness hearing on January 3, 2025, and having reviewed (i) the Motion for Final Approval, its accompanying memorandum and the exhibits thereto, the Settlement Agreement, and all arguments and papers filed in support of and/or in opposition to the Settlement, and (ii) the Motion for Fees, Expenses and Service Awards, its accompanying memorandum, exhibits, and declarations thereto, and having had the benefit of reviewing Class Counsel's monthly *in camera* submissions of detailed time and expense reports, hereby finds that the Motion for Final Approval should be **GRANTED** and that the Motion for Fees, Expenses and Service Awards should be **GRANTED.**

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Court has personal jurisdiction over the Parties and all members of the Settlement Class (also referred to herein as the "Class") and possesses subject matter jurisdiction to approve the Settlement Agreement and all exhibits thereto.

2. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Settlement Agreement.

## FINAL CERTIFICATION OF SETTLEMENT CLASS

3. For the reasons stated below, the Court grants final certification of the Settlement Class. The Court makes this assessment for the purposes of settlement

only with no prejudice to the Parties' positions either in support of or in opposition to class certification and without making any findings whether a disputed putative class could be certified.

4. Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to 23(a) and (b)(3) of the Federal Rules of Civil Procedure has been met in that: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) Plaintiffs allege (but Defendants vigorously contest) that there are questions of law and fact common to the Settlement Class that predominate over any individual questions such that without resolving that dispute outside the context of the proposed settlement, these questions of law and fact will be commonly resolved by the settlement; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class; (d) the Class Representatives and Settlement Class Counsel have fairly and adequately represented and protected (and will fairly and adequately represent and protect) the interests of the Settlement Class; and (e) for purposes of settlement only, a class action is superior to other available methods for the fair and efficient resolution of the Action. The Court makes no finding whether or not the underlying matters could be certified as litigation classes.

5. Accordingly, the Court grants final certification for settlement purposes only the following Settlement Class:

> All Persons in the United States, its territories, and/or the District of Columbia who purchased, for personal use and not for resale, any Seresto Product on or before July 8, 2024.

Excluded from the Settlement Class are the following persons:

      i.    Defendants and their respective subsidiaries and affiliates, members, employees, officers, directors, agents, and representatives and their family members;

      ii.    Class Counsel;

      iii.    The judges who have presided over the Litigation;

      iv.    Local, municipal, state, and federal government agencies; and

      v.    All persons who have timely elected to become Opt-Outs from the Settlement Class in accordance with the Court's Orders.

The Court expressly reserves the right to determine, should the occasion arise, whether Plaintiffs' proposed claims may be certified as a class action for purposes other than settlement, and Defendants hereby retain all rights to assert that Plaintiffs' proposed claims may not be certified as a class action except for settlement purposes.

## FINAL APPROVAL OF CLASS ACTION SETTLEMENT

6.    The Court hereby grants final approval of the Settlement Agreement and its terms. The Court finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and consistent and in compliance with all requirements of due process and applicable law. The Court directs consummation of the Settlement Agreement according to its terms and conditions.

7.    Under Rule 23(e), the claims, issues, or defenses of a certified class "may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). "If the proposal would bind class members, the court may

approve it only after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). "Court approval is favored to promote the policy of encouraging settlement of litigation, where the settlement reflects a reasonable compromise over issues that are actually in dispute." *Woods v. Club Cabaret, Inc.*, No. 1:15-cv-01213, 2017 WL 4054523, at *6 (C.D. Ill. May 17, 2017) (quotations omitted); *see also Hisps. United of DuPage Cty. v. Vill. of Addison*, Ill., 988 F. Supp. 1130, 1149 (N.D. Ill. 1997) (Courts "look upon the settlement of lawsuits with favor because it promotes the interests of litigants by saving them the expense and uncertainties of trial, as well as the interests of the judicial system by making it unnecessary to devote public resources to disputes that the parties themselves can resolve with a mutually agreeable outcome."); *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996) ("Federal courts naturally favor the settlement of class action litigation.").

8. The law for evaluating the fairness of a class action settlement is well-established in this Circuit. As the Seventh Circuit explained in *Wong v. Accretive Health, Inc.*:

> When conducting a fairness determination relevant factors include: (1) the strength of the case for plaintiffs on the merits, balanced against the extent of settlement offer; (2) the complexity, length, and expense of further litigation; (3) the amount of opposition to the settlement; (4) the reaction of members of the class to the settlement; (5) the opinion of competent counsel; and (6) stage of the proceedings and the amount of discovery completed.

773 F.3d 859, 863 (7th Cir. 2014) (quoting *Gautreaux v. Pierce*, 690 F.2d 616, 631 (7th Cir. 1982)). "Although the district court must clearly set forth in the record the reasons for approving the settlement in order to make meaningful appellate review

possible, the court's reasoning need not be so specific as to amount to a judgment on the merits." *Gautreaux*, 690 F.2d at 631. Moreover, "it is not the burden of the proponents or the duty of the district court to support individual elements of the decree under some evidentiary standard akin to that for findings of fact." *Id.*

Additionally, revisions to Rule 23(e) in 2018 added the following factors that courts must consider when determining whether a proposed settlement is "fair, reasonable, and adequate":

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate ...; and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). But, as the Advisory Committee's notes state, this amendment did "not ... displace any factor" developed by a given circuit court. Fed. R. Civ. P. 23(e)(2) advisory committee's notes to 2018 amendment. Accordingly, to determine whether the proposed settlement meets the "fair, reasonable, and adequate" standard, this Court will consider both the factors set forth in Rule 23(e)(2) and, to the extent not duplicative, the factors developed by the Seventh Circuit.

9.     As shown below, the application of these factors supports approval of the Settlement as fair, reasonable, and adequate.

## Adequate Representation

10.     With respect to the adequacy of representation, courts may consider a number of factors when evaluating the adequacy of representation, including the "nature and amount of discovery," which "may indicate whether counsel negotiating on behalf of the class had an adequate information base." Fed. R. Civ. P. 23(e)(2)(A) advisory committee's notes to 2018 amendment.   Here, the parties engaged in substantial discovery and information.   This shows that Class Counsel had "an adequate information base" while negotiating the Settlement here. Class Counsel also has extensive experience with class action litigation. Thus, based upon the record as whole, Class Counsel and the Plaintiffs have adequately represented the Settlement Class.

## Negotiations at Arm's-Length

11.     The Court also finds that the Settlement was the product of extensive arm's-length negotiations. The Court referred this case to the Honorable Heather K. McShain for a settlement conference. ECF No. 129. Thereafter, the Parties participated in several rounds of settlement negotiations led by Magistrate McShain, including an in-person settlement conference on May 23, 2023. ECF No. 164. Following the settlement conference, the Parties continued to litigate this action, while also continuing to participate in negotiations over the course of many months with the assistance of Magistrate McShain. ECF Nos. 167, 170, 172. *See T.K. Through Leshore v. Bytedance Tech. Co.*, case no. 19-cv-7915, 2022 WL 888943, at *11 (N.D. Ill. Mar. 25, 2022) (quoting 4 William Rubenstein, *Newberg on Class Actions* §13:50

(5th ed. 2021) ("The best evidence of a 'truly adversarial bargaining process' is the 'presence of a neutral third-party mediator.'").

**Adequacy of Relief**

12.     Under Rule 23, courts consider the following factors when assessing the adequacy of a settlement proposal:

> (i)     the costs, risks, and delay of trial and appeal;
>
> (ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>
> (iii)   the terms of any proposed award of attorney's fees, including timing of payment; and
>
> (iv)    any agreement required to be identified under Rule 23(e)(3).

Fed. R. Civ. P. 23(e)(2)(C).

This Court discusses each factor in turn below.

i.     **Costs, Risks, and Delay of Trial:** This analysis essentially overlaps with the first two prongs of the Seventh Circuit's analysis that pre-dates the 2018 amendment to Rule 23. *See Wong,* 73 F.3d at 863 (instructing courts to evaluate "(1) the strength of the case for plaintiffs on the merits, balanced against the extent of settlement offer; [and] (2) the complexity, length, and expense of further litigation" when determining whether to grant final approval).

Within this factor, courts in the Seventh Circuit consider "the strength of the case for plaintiffs on the merits, balanced against the extent of settlement offer." *T.K. Through Leshore*, 2022 WL 888943, at *12. Courts also consider the "likely complexity, length and expense of the litigation." *Id.* Here, by reaching a favorable

8

Settlement, Plaintiffs have avoided further significant delay and ensured a recovery to the Settlement Class. Defendants have asserted numerous legal and factual defenses to Plaintiffs' claims that would require full discovery and further briefing. In the absence of this Settlement, the Parties will need to engage in significant additional discovery, including numerous depositions and pre-trial work. Class certification, expert discovery, and summary judgment motions are just a few of the matters that will have to be litigated, in addition to a trial and likely appeals, without this Settlement. Significant additional work would be necessary if the case were to proceed to trial. A trial on the merits would entail considerable expense, including numerous experts, pre-trial motions, thousands more hours of attorney time, and given the right to appeal, trial would not necessarily end the litigation.

Additionally, through their investigation, the exchange of significant requests for written discovery and production of documents, discovery sought and received from third parties, and information exchanged during the mediation process, Plaintiffs and Class Counsel developed a comprehensive assessment of the various issues in this case. Because of these efforts, Plaintiffs and Class Counsel were able to evaluate with confidence the strengths and weaknesses of Plaintiffs' claims and prospects for success at the stages of class certification, summary judgment, and trial. Plaintiffs and Class Counsel were thus well-positioned to understand the facts and law for purposes of negotiating the Settlement from an informed point-of-view. If the Settlement Agreement had not been reached, the Parties planned to vigorously litigate this matter, including Defendants' numerous motions to dismiss as well as

9

their vigorous opposition to class certification. Plaintiffs' chances at trial also would have been uncertain. In light of the costs, risks and delay of trial and appeal, the Settlement is certainly adequate for purposes of Rule 23(e)(1). Although calculating the precise risk of losing at any stage of litigation is difficult, losing at any would preclude Plaintiffs from achieving the relief outlined in the Settlement. Under these circumstances, the Settlement negotiated by Plaintiffs and Class Counsel is reasonable by providing substantial monetary relief to the Class Members without them having to bear the risks associated with further litigation, trial, and appeal.

The relief obtained here, when weighed against the complexities and uncertainties of the Litigation and the certainty of lengthy litigation in the absence of a settlement, supports the conclusion that the Settlement is fair, reasonable, and adequate. Defendants have agreed to pay $15 million to create a non-reversionary Settlement Fund for cash payments to Class Members who file valid claims, Notice and Administrative Costs, and Attorneys' Fees and Costs and Service Awards determined by the Court. Subject to pro-rated adjustments, Claimants without proof of purchase are entitled to receive $13.00 per Collar, subject to a maximum of $26.00 per pet. Claimants with proof of purchase are entitled to receive up to $13.00 per Collar per pet, with no limitation. Alleged non-fatal pet injuries will be reimbursed at $25.00 or 100% of any out-of-pocket costs for medical treatment, supported by documentation. Alleged pet deaths will be compensated at $300.00, plus 100% of any out-of-pocket costs for medical treatment and/or death-related costs, based on documentation.

While Plaintiffs believe their case is strong, the Settlement eliminates significant risks they would face if the action were to proceed, including the complexity, length, and expense of these types of cases, which involve robust scientific analyses regarding how the Collars impacted pets. Throughout the litigation, Defendants vigorously defended the Collar's safety and contested that the cases in this MDL could be certified as class actions. Thus, the Settlement allows Class Members to "realize immediate and future benefits" of the lawsuit upon settlement approval. *Schulte v. Fifth Third Bank*, 805 F. Supp. 2d 560, 586 (N.D. Ill. 2011). Accordingly, this factor weighs in favor of finding the relief here adequate.

ii. **Effectiveness of Proposed Method of Distribution**: To determine whether a proposed settlement provides adequate relief, courts must examine "the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims." Fed. R. Civ. P. 23(e)(2)(C)(ii). Under the proposed Settlement, Defendants will pay the sum certain of $15 million into a settlement fund. After payment of administration expenses and allocation of fees and service awards, Class Members will receive the balance of the settlement fund. No reversion of funds to Defendant will occur.

The Settlement provides Class Members with an easy and effective method to submit claims and to obtain relief. See Fed. R. Civ. P. 23(e)(2)(C)(ii). The claim forms are designed to be easy to understand and to ensure meaningful relief for as many Class Members as possible. *See T.K. Through Leshore*, 2022 WL 888943, at *14 ("A requirement that potential claimants "fill out a form in order to collect from the

11

settlement fund" seldom raises such concerns."), citing 4 *Newberg* § 13:53. To make a claim, each claimant needed only to provide basic information to receive a Cash Payment. Therefore, "this procedure is claimant-friendly, efficient, cost-effective, proportional, and reasonable under the particular circumstances of this case," and supports final approval. *See Hale v. State Farm Mutual Auto. Ins. Co.*, No. 12-cv-0660, 2018 WL 6606079, at *5 (S.D. Ill. Dec. 16, 2018). Accordingly, this factor weighs in favor of finding the relief here adequate.

iii. **Proposed Attorneys' Fee Award**: Under the Settlement, Class Counsel may petition the Court for attorneys' fees not exceeding 38% of the $15 million Settlement Fund. However, as detailed in Plaintiffs' Motion for Attorneys' Fees, Class Counsel instead petitioned this Court for attorneys' fees of one-third (i.e. 33.333...%) of the net Settlement Fund, or $4,587,383.33. ECF No. 195, at 1-2. Importantly, the proposed attorneys' fee is entirely separate from approval of the proposed Settlement. The requested attorneys' fee is reasonable considering the Class Counsel's work, including their investment of resources in the case through their retention of experts, and significant input of time prosecuting this action on behalf the Class, the risks that they faced in the litigation, and the overall benefit achieved on behalf of the Class. Accordingly, this factor weighs in favor of finding the relief here adequate.

iv. **Agreements**: Under Rule 23(e)(2)(C)(iii), the Court should consider any agreements between the parties. Here, the Parties have made no

agreements beyond the Settlement. Accordingly, this factor weighs in favor of finding the relief here adequate.

## Equitable Treatment of Class Members

13.     Prior to determining whether a proposed settlement fair, reasonable, and adequate, courts must also consider whether "the proposal treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). Here, all Class Members who submit valid claims are eligible for the same reimbursement for alleged economic and pet injuries.  Thus, the Settlement treats all Class Members equally and this factor weighs in favor of finding the Settlement is fair, reasonable, and adequate.

## Reaction from Members of the Class

14.     The Seventh Circuit also requires weighing the amount of opposition as well as the reaction of class members to the settlement. *See Wong*, 773 F.3d at 863 (instructing courts to evaluate the amount of opposition to the settlement and the reaction of members of the class to the settlement when determining whether to grant final approval to a class action settlement).

15.     Here, there are no timely objections and only 15 requests for exclusion to the Settlement, while, in stark contrast, thousands of claims have been made.  This strongly weighs in favor of approving the Settlement.  The Court is aware of one untimely objection filed by Julie Pharney dated September 4, 2024, received by the Court on September 20, 2024, well after the July 23, 2024 objection deadline. ECF No. 199.  Notably, the untimely objector does not complain about the form of notice, the relief to Class Members, or any other aspect of the Settlement.  Indeed, the

untimely objector wants to partake of the benefits of the Settlement, which the Parties have agreed to, so that Ms. Pharney's claim is being accepted. Rather, the untimely objector complains only that the notice plan did not provide direct notice, despite the significant reach of the Notice Plan. *Id.* Although the objection was untimely, and should be rejected on that basis alone, the Court addresses the additional reasons for rejecting the untimely objection based on its merits.

16. As detailed in Plaintiffs' Motion for Final Approval, the Notice Plan here included a robust media plan, with an approximate 90.42% reach. This reach is significant and exceeds due process requirements. *See, e.g.,* T.K. *Through Leshore*, 2022 WL 888943, at *6. ("A 'reasonable' notice effort, one that satisfies both Rule 23 and constitutional due process requirements, should reach at least seventy percent of the class."). The Seventh Circuit has addressed the issue of direct notice on several occasions, finding each time that notice by publication satisfies due process. As the Seventh Circuit found in *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 665 (7th Cir. 2015), while Rule 23 requires the best notice practicable under the circumstances, the rule "does not insist on actual notice to all class members in all cases. It recognizes it might be *impossible* to identify some class members for purposes of actual notice" and that due process remains satisfied "as long as the alternative means satisfy the standard of Rule 23(b)(3)." *Id.* In *Mullins*, the Seventh Circuit emphasized that when a class action involves low value claims, as is the case here, it is unlikely that class members would individually litigate their claims and "when this is true, it is particularly important that the types of notice that courts require correspond to the

value of the absent class members' interests." *Id*. Thus, the Seventh Circuit found that "when it comes to protecting the interests of absent class members, courts should not let the perfect become the enemy of the good" when devising and implementing a notice plan. *Id*. at 666.

17. In *Mullins*, the Seventh Circuit also emphasized its prior ruling in *Hughes v. Kore of Indiana Enterprise, Inc*., 731 F.3d 672, 677 (7th Cir. 2013), where it "did not insist on first-class mail even though the notice plan likely would not reach everyone in the class" because the notice plan was "commensurate with the stakes" in litigation that involved low value claims for class members. *Id*. In *Hughes*, the Seventh Circuit found that "[w]hen reasonable effort would not suffice to identify the class members, notice by publication, imperfect though it is, may be substituted." *Id*. As in *Mullins*, in *Hughes*, the Seventh Circuit found this was particularly true when "there is no indication that any member of the class in this case has a damages claim large enough to induce him to opt out and bring an individual suit for damages." *Id*.

18. Here, the Court is satisfied that the Notice Plan, which had a significant reach of 90.42% (which is 20% beyond the requisite 70% standard that is required to satisfy due process), was the best notice practicable under the circumstances. For this additional reason, the Court rejects the objection, and finds that the overwhelming support by class members, with no timely objections and limited opt-outs, weighs strongly in favor of the fairness, reasonableness, and adequacy of the Settlement. Accordingly, this factor weighs in favor of approval of the Settlement, and the untimely objection of Julie Pharney is hereby overruled.

## Opinion of Competent Counsel

19.     The fifth factor to be evaluated under the Seventh Circuit's decision in *Wong*—the opinion of competent counsel—also weighs heavily in favor of the Settlement. *Wong,* 773 F.3d at 863. Courts are "entitled to rely heavily on the opinion of competent counsel." *Gautreaux,* 690 F.2d at 634.    Class Counsel are highly competent and have a vast amount of experience with class actions. Here, Class Counsel strongly endorse the Settlement.  Accordingly, this factor weighs in favor of approval of the Settlement.

## Stage of the Proceedings and the Amount of Discovery Completed

20.     The final factor under the Seventh Circuit's decision in *Wong* considers the stage of the proceedings and the amount of discovery completed. Here, the breadth of discovery and investigation performed before the Settlement was entered into ensured that Plaintiffs and Class Counsel made informed decisions to approve and recommend the Settlement to the Class and the Court. The Parties engaged in significant discovery, including exchanging hundreds of requests for discovery and document production from Defendants, discovery from numerous third parties, and requests to governmental entities under the Freedom of Information Act. Plaintiffs also worked with consulting experts throughout the Litigation, including veterinary medicine and material sciences experts. Defendants also requested from Plaintiffs various documents related to their Collar purchases, information regarding their pets, and their pets' alleged injuries and deaths. After the exchange of documents, Defendants began to depose Plaintiffs. During this time, while actively participating

16

in discovery, the parties also engaged in settlement negotiations before Magistrate McShain. It was only at the conclusion of the lengthy mediation process that the parties were able to resolve this matter. Accordingly, this factor weighs in favor of final approval.

Based on the foregoing, the Court finds that the Settlement is fair, reasonable, and adequate, and warrants final approval.

## FINAL APPROVAL OF NOTICE PLAN

21. Defendants have served upon the appropriate state officials and the appropriate federal official notice under the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA").

22. The Court finds that the Class Notice Program implemented pursuant to the Settlement Agreement and the Order preliminarily approving the Settlement (ECF No. 192): (i) constituted the best practicable notice, (ii) constituted notice that was reasonably calculated under the circumstances to apprise Class Members of the pendency of the Litigation, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Fairness Hearing, and of their right to seek monetary and other relief, (iii) constituted reasonable, due, adequate, and sufficient notice to all persons entitled to receive notice, and (iv) met all applicable requirements of due process and any other applicable law. The Court also approves the Claim Form that was distributed to Settlement Class Members, the content of which was without material alteration from Exhibit A of the Settlement Agreement.

17

## PAYMENT OF ATTORNEY FEES AND REIMBURSEMENT
## OF LITIGATION EXPENSES TO PLAINTIFFS' COUNSEL

23.     The Court has also carefully examined Plaintiffs' Motion for Fees, Expenses, and Service Awards, and finds that the requested attorneys' fees of one-third of the Settlement Fund is fair, reasonable, and in keeping with this Circuit's precedent. Specifically, the factors supporting Class Counsel's requested fee award are: (i) attorneys' fees in other class action settlements; (ii) the risk of nonpayment Class Counsel agreed to bear; (iii) the quality of Class Counsel's performance; (iv) the amount of work necessary to resolve the Litigation; and (v) the stakes of the case.

24.     The Court finds that Class Counsel has negotiated a fair value for the Settlement Class, especially in light of the significant risks Plaintiffs faced in further litigating their case, as well as the cost and time it would take to continue to litigate the case.

25.     The Court has also specifically considered the requirements of Rule 23, including whether the relief provided to the class is adequate, taking into account, among other things, the terms of any proposed award of attorneys' fees, including timing of payment, and finds that Class Counsel's work in securing the Settlement Amount supports the requested fee award.

26.     The Court awards to Class Counsel as attorneys' fees in this Litigation, a total of $4,587,383.33, which is one-third of the remaining Settlement Amount of $13,762,150, which accounts for the $802,850 in notice and administrative costs and $435,000 in requested Service Awards ($15,000 for each of the 29 Class Representatives), and vests Class Counsel with the authority to distribute those fees

18

to other Plaintiffs' counsel based upon their best judgment and in keeping with the Time and Expense Protocol that has governed the submission of time and expenses in this Litigation.

27. In addition to having an opportunity to review Plaintiffs' counsel's detailed lodestar, the Court has also had an opportunity to review the expenses incurred in this Litigation. Based upon the applicable precedent, as well as Rule 23, the Court finds that the expenses are reasonable, and were necessary and appropriate in bringing this Litigation. Accordingly, the Court awards Class Counsel $154,742.25 in expenses, and directs Class Counsel to distribute reimbursements for expenses to other Plaintiffs' counsel in keeping with the Time and Expense Protocol that has governed the submission of time and expenses in this Litigation.

## PAYMENT OF SERVICE AWARDS TO THE CLASS REPRESENTATIVES

28. The Court has carefully examined Plaintiffs' request for service awards given their extensive work on the Litigation and their role—as fiduciaries of the absent Class members—in reviewing the Settlement and approving same. The Court finds that the requested $15,000 per Class Representative is appropriate given the work performed by the Class. *See e.g. BNVS Transport LLC v. C&K Trucking, LLC*, case no. 20-cv-04305, 2023 WL 11983614 N.D. Ill. Feb. 22, 2023)(approving service awards of $20,000 for each of the class representatives).

29. The Court notes that the Settlement was not contingent upon the Court's approval of the requested attorneys' fees, costs, or service awards, and that the Parties did not come to an agreement on any of these issues as a condition to

approving the Settlement. There is no indication of any collusion regarding the requested attorneys' fees, costs, or service awards., The requested attorneys' fees, costs, and service awards are fair, reasonable, and consistent with this Circuit's precedent.

## ADDITIONAL FINDINGS AND JUDGMENT

30.     The Court declares the Settlement Agreement and the Final Order and Judgment to be binding on, and have *res judicata* and preclusive effect, in all pending and future lawsuits or other proceedings encompassed by the Release (as defined in Section I, Paragraph 50 of the Settlement Agreement) maintained by or on behalf of the Plaintiffs and all other Class Members, as well as their respective agents, heirs, executors or administrators, successors, and assigns.

31.     No amounts remaining in the Escrow Account following the distribution of the Net Settlement Fund shall revert back to Defendants. The *Cy Pres* Contribution Amount, if any, shall be distributed to the American Society for the Prevention of Cruelty to Animals. The Court further determines that the selection of this organization to receive any unclaimed funds, with its mission nationwide in scope, will ensure that the distribution of amounts remaining in the Escrow Account following the distribution of the Net Settlement Fund will be for a purpose as near as possible to the legitimate objectives underlying the lawsuit, the interests of Settlement Class Members, and the interests of those similarly situated.

32.     The Court hereby dismisses the Litigation now pending before the Court (including all of the underlying suits transferred to the Court by the JPML and all

individual and class claims presented thereby) on the merits and with prejudice and without fees or costs except as provided by the Settlement Agreement or this Order. Without limiting the foregoing, all Settlement Class Members who have not excluded themselves from the Settlement Class shall be bound by the Agreement and the Release, and all of their respective claims are hereby dismissed with prejudice and released, irrespective of whether or not they received actual notice of the Litigation or the Settlement.

33.     The Court hereby orders that, within one (1) week after the Effective Date, any other lawsuits (if any) not pending before the Court will be dismissed with prejudice without fees or costs except as provided herein or this Order.

34.     The Court hereby adjudges that the Plaintiffs and the Settlement Class have conclusively compromised, settled, dismissed, and released any and all Released Claims against Defendants and the Released Persons.

35.     Upon the Effective Date, the Plaintiffs and all Settlement Class Members who have not been excluded from the Settlement Class, whether or not they return a Claim Form within the time and in the manner provided therefor, shall be barred from asserting any Released Claims against Defendants and/or any Releasing Persons, and any such Settlement Class Members shall have released any and all Released Claims as against Defendants and all Releasing Persons.

36.     If for any reason this judgment is reversed, vacated, or materially modified on appeal, this Order shall be null and void, the Settlement Agreement shall be deemed terminated (except for any paragraphs that, pursuant to the terms of the

Settlement, survive termination of the Settlement), and the Settling Parties shall return to their positions without prejudice in any way, as provided for in the Settlement.

37.     Without affecting the finality of the Final Order and Judgment for purposes of appeal, the Court retains jurisdiction over the Claims Administrator, Defendants, the Plaintiffs, and the Settlement Class as to all matters relating to the administration, consummation, enforcement, and interpretation of the terms of the Settlement and Final Order and Judgment.

38.     The Settlement Agreement and the Settlement provided for herein and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence of, a presumption, concession, or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by Defendants or any Released Persons or of the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to the Settlement Agreement and the Settlement provided for herein in such proceedings as may be necessary to effectuate the Settlement.

39.     The Court bars and permanently enjoins all Settlement Class Members who have not been properly excluded from the Settlement Class from: (i) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and

causes of action or the facts and circumstances giving rise to the Litigation or the Released Claims arising on or before the Preliminary Approval Date; and (ii) organizing Settlement Class Members who have not been excluded from the class into a separate class for purposes of pursuing as a purported class action any lawsuit, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency.

40. The Court hereby approves the Opt-Out List, which consists of the Settlement Class Members listed in Exhibit A to the Angeion Declaration (ECF No. 196) and determines that the Opt-Out List is a complete list of all Settlement Class Members who have timely requested exclusion from the Settlement Class. Accordingly, the Opt-Outs shall neither share in nor be bound by the Final Order and Judgment except for Opt-Outs who subsequently submit Claim Forms during the Claim Period.

41. The Court authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and all Exhibits thereto as (i) shall be consistent in all material respects with the Final Order and Judgment and (ii) do not limit the rights of the Parties or Settlement Class Members.

42.     The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that judgment should be entered and further finds that there is no just reason for delay in the entry of final judgment as to the parties to the Settlement Agreement.  Accordingly, the Clerk is hereby directed to enter this Final Judgment forthwith.

**IT IS SO ORDERED.**

Dated:  January 6, 2025

Entered:

John Robert Blakey
United States District Judge